## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INNERCAP TECHNOLOGIES, INC.,

      Plaintiff,

      v.

NATALS, INC. d/b/a RITUAL,

      Defendant.

Civil Action No.:

**TRIAL BY JURY DEMANDED**

## COMPLAINT

Plaintiff InnerCap Technologies, Inc. ("InnerCap") files this Complaint against Defendant Natals, Inc. d/b/a Ritual ("Ritual").

## NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, including U.S.C. § 271 for the infringement of United States Patent No. 7,670,612 ("**the '612 Patent**").

2. Ritual has infringed and continued to infringe the '612 Patent, up to and through the date that the '612 Patent expired, in violation of 35 U.S.C. § 271 by making, having made, offering to sell and selling various lines of capsule-in-capsule vitamin, dietary, and nutritional supplement products in which the outer capsule contains an oil ingredient in immediate release form and the inner capsule is formulated for time-delayed dissolution and release of a solid active ingredient. (the "**Accused Products**").

3. On information and belief, the Accused Products include at least the following capsule-in-capsule products: Ritual Essential for Women Prenatal Multivitamins, Ritual Essential

1

for Women Postnatal Multivitamins, and Ritual HyaCera Daily Skin Hydration Dietary Supplement.[1]

4.       InnerCap seeks damages adequate to compensate it for Ritual's infringement of the '612 Patent, together with prejudgment and post-judgment interest, costs, and all other relief available under law.

## PARTIES

5.       InnerCap is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 9216 Palm River Road, Ste 203, Tampa, FL 33619. Founded in 2003 by Fred H. Miller, InnerCap embarked to solve core formulation and delivery problems associated with supplements and medications. Mr. Miller's vision and innovation culminated in four issued United States patents, including the '612 Patent, along with several foreign counterparts.

6.       On information and belief, Defendant Natals, Inc., d/b/a Ritual, is a Delaware corporation with its principal place of business at 1370 N. St. Andrews Pl., Los Angeles, California 90028.

## JURISDICTION & VENUE

7.       This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.       This Court has personal jurisdiction over Ritual because Ritual is a Delaware corporation and therefore has a continuous presence in, and systematic contacts with, this District.

---

[1] *See, e.g.,* https://ritual.com/collections/all (as accessed July 7, 2026).

2

10.     On information and belief, Ritual committed acts of infringement in this Judicial District, and the claims addressed in this Complaint arise out of and relate to such acts, including at least by selling and offering for sale the Accused Products in this District.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Ritual is incorporated, and thus resides, in this District.

### INNERCAP'S U.S. PATENT NO. 7,670,612

12.     On March 2, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,670,612, entitled "Multi-phase, multi-compartment capsular delivery apparatus and methods for using same." A true and correct copy of the '612 Patent is attached as Exhibit A to this Complaint.

13.     The '612 Patent is directed, *inter alia*, to addressing a core formulation and delivery problem affecting dietary supplements and medications. Prior to the '612 Patent's technology, many active ingredients (*e.g.*, vitamins, dietary or nutritional supplements, nutraceuticals, minerals, omega oils, extracts, pre-biotics, post-biotics, or drugs) could not be effectively combined in a single conventional capsule because they differed in physical state (solid vs. liquid), were chemically incompatible, or required different release profiles. The '612 Patent solved this issue by disclosing a capsule-in-capsule system with multiple internal compartments, each capable of holding different ingredients in different physical states (*e.g.*, liquid and solid) within a single dosage form. By physically separating and optionally staging release of these ingredients, the '612 Patent's technology enables stable, compatible, and targeted delivery of combination products that could not otherwise be co-formulated.

14.     The '612 Patent was the subject of an October 15, 2025, request for supplemental examination before the U.S. Patent and Trademark Office ("**USPTO**"). The request sought the

USPTO's determination as to whether eleven identified prior art references presented a substantial new question of patentability affecting claims 5, 6, 9, 10, 25, 33, 65 and 73 of the '612 Patent, which claims are directed to capsule-in-capsule embodiments of InnerCap's technology. In an October 31, 2025, decision, the USPTO concluded that none of the eleven prior art references raised a substantial new question of patentability affecting such claims.

15.    InnerCap is the owner, by assignment, of all right, title, and interest in and to the '612 Patent, including the right to sue for and recover damages for infringement.

16.    The '612 Patent expired on June 11, 2026.

17.    The '612 Patent is valid and enforceable under the patent laws of the United States against infringement occurring prior to its expiration and under 35 U.S.C. § 286 for infringement committed up to six years before the filing of this Complaint.

18.    Prior to the '612 Patent's expiration on June 11, 2026, InnerCap at all times met its marking obligations under 35 U.S.C. § 287, including without limitation by requiring each of its licensees to mark all capsule-in-capsule products with InnerCap's patents, including identification of the '612 patent, and by identifying the '612 Patent among the patents directed to its "unique delivery system technology" on the "PATENTS" page of its website: https://www.innercap.com/patents.html.

## COUNT I:
## INFRINGEMENT OF THE '612 PATENT

19.     InnerCap incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

20.     Ritual has made, had made, sold, offered for sale, and/or used the Accused Products that incorporate one or more of the inventions claimed in the '612 Patent.

21.     Ritual infringed, either literally or under the doctrine of equivalents, one or more claims of the '612 Patent, including at least claim 33, in violation of 35 U.S.C. § 271, *et seq*. by at least making, having made, selling and/or offering for sale the Accused Products in the United States.

22.     Claim 33 of the '612 Patent is representative, and provides:

[33.preamble] A multi-compartment capsule, comprising:

[33.a] a first receiving chamber comprising at least one oil in immediate release form; and

[33.b] a second receiving chamber

[33.b.1] containing only solid ingredients and

[33.b.2] comprising at least one active ingredient in a solid state and

[33.b.3] formulated in a manner allowing for a time-delayed dissolution and release of said solid active ingredient,

[33.c] wherein the ingredients contained in said first receiving chamber are different from the ingredients of said second receiving chamber,

[33.d] and wherein said second receiving chamber is enveloped by said first receiving chamber,

[33.e] and wherein the multi-compartment capsule is a hard shell capsule.

23.     On information and belief, and based on publicly available information, all Accused Products have the same or similar technology regarding the below-identified features.

24.     On further information and belief, and based on publicly available information, the Ritual Essential for Women Prenatal Multivitamin product is representative of the Accused Products.

25.     On further information and belief, and based on publicly available information, each of the Accused Products functions and is structured in a manner similar, if not identical, to the Ritual Essential for Women Prenatal Multivitamin as it relates to infringing the '612 Patent.

26.     On further information and belief, and based on publicly available information, each of the Accused Products possesses features and/or attributes similar, if not identical, to those features and/or attributes of the Ritual Essential for Women Prenatal Multivitamins identified by InnerCap as infringing the '612 Patent.

27.     Accordingly, the analysis of the Ritual Essential for Women Prenatal Multivitamins set forth below applies equally to each of the Accused Products.

28.     The preamble of claim 33 recites: "A multi-compartment capsule[.]"

29.     To the extent the preamble of claim 33 of the '612 Patent is determined to be limiting, the Ritual Essential for Women Prenatal Multivitamins satisfy the preamble, as seen in the figures below.



Fig. 1. Figure from product literature for Ritual Essential for Women Prenatal Multivitamins product.[2]

30.     Limitation [33.a] recites: "a first receiving chamber comprising at least one oil in immediate release form[.]"

31.     On information and belief, each of the Accused Products satisfies limitation [33.a]. As described below, the Accused Products have a first receiving chamber comprising at least one oil ingredient in immediate release form.

32.     On information and belief, the first/outer receiving chamber of the Accused Products has an active oil ingredient in immediate release form. For example, on information and belief, the Ritual Essential for Women Prenatal Multivitamin has a first/outer receiving chamber that contains omega-3 docosahexaenoic Acid (DHA) fatty acids in an oil form that is suitable for immediate release.[3]

---

[2] The Ritual Essential Prenatal Multivitamin product is a multi-compartment capsule, as shown in the pictures and descriptions provided on Ritual's website. See https://ritual.com/collections/all/products/essential-prenatal-multivitamin?variant=42291520569438 (as accessed June 26, 2026).
[3] https://ritual.com/collections/all/products/essential-prenatal-multivitamin?variant=42291520569438 (as accessed June 26, 2026).

33.    Thus, the Accused Products satisfy limitation [33.a] of the '612 Patent.

34.    Limitation [33.b] recites: "a second receiving chamber[.]"

35.    On information and belief, each of the Accused Products satisfies limitation [33.b]. For example, the multi-compartment capsule of the Ritual Essential for Women Prenatal Multivitamin has a "first receiving chamber" (yellow arrow) and a "second receiving chamber" (green arrow).



Fig. 2. Image of Ritual Essential for Women Prenatal Multivitamin product a first receiving chamber and a second receiving chamber.[4]

36.    Thus, the Accused Products satisfy limitation [33.b] of the '612 Patent.

37.    Limitation [33.b.1] recites a second receiving chamber "containing only solid ingredients[.]"

38.    On information and belief, each of the Accused Products satisfies limitation [33.b.1]. For example, the second receiving chamber of the Ritual Essential for Women Prenatal Multivitamin contains only solid ingredients.

39.    On information and belief, the ingredients of the second receiving chamber of the Accused Products are provided in a dry powder internal fill state. Such belief is confirmed by collateral marketing materials which describe occasionally darker colors of the inner capsule as

---

[4] https://www.walmart.com/ip/Ritual-Prenatal-Vitamin-60-Capsules-Folate-Choline-for-Neural-Tube-Support-Omega-3-DHA/1243765836 (accessed April 16, 2026) (arrows added); *see also* https://ritual.com/collections/all/products/essential-prenatal-multivitamin?variant=42291520569438 (as accessed June 26, 2026).

being the result of "the oil blend com[ing] into contact with the <u>powder ingredients of the inner capsule</u>."[5]



Fig. 3. Image from product literature accompanying Ritual Essential Prenatal Multivitamin.[6]

40.    Thus, the Accused Products satisfy limitation [33.b.1] of the '612 Patent.

41.    Limitation [33.b.2] recites a second receiving chamber "comprising at least one active ingredient in a solid state[.]"

42.    On information and belief, each of the Accused Products satisfies limitation [33.b.2]. For example, the second receiving chamber of the Ritual Essential for Women Prenatal Multivitamin includes at least the following active ingredient in solid form: folate (vitamin B9). Other Accused Products include at least the following active ingredients in solid form: vitamin B12, biotin (vitamin B7), and hyaluronic acid.

43.    Thus, the Accused Products satisfy limitation [33.b.2] of the '612 Patent.

44.    Limitation [33.b.3] recites a second receiving chamber "formulated in a manner allowing for a time-delayed dissolution and release of said solid active ingredient[.]"

---

[5] https://www.walmart.com/ip/Ritual-Prenatal-Vitamin-60-Capsules-Folate-Choline-for-Neural-Tube-Support-Omega-3-DHA/1243765836 (emphasis added) (accessed April 16, 2026)..

[6] https://ritual.com/collections/all/products/essential-prenatal-multivitamin?variant=42291520569438  (as accessed June 26, 2026).

45.    On information and belief, each of the Accused Products satisfies limitation [33.b.3]. For example, the second chamber of the Ritual Essential for Women Prenatal Multivitamin is formulated in a manner allowing for a time-delayed dissolution and release of said solid active ingredient. The second chamber is formulated in a manner allowing for a time-delayed dissolution and release of said solid active ingredient because it is incorporated as an inner capsule within Ritual's nested capsule structure.



Figure 4. Image from product literature accompanying Ritual Essential Prenatal Multivitamin.[7]

46.    The second chamber of the Accused Products is not presented as a standalone immediate-release dosage form. It is formulated to function inside the oil-containing outer first receiving chamber, which envelops the second chamber and physically separates it from immediate exposure upon ingestion. As a result, the inner capsule's dissolution and release of its solid active ingredient occurs only after the outer capsule and surrounding oil-containing first receiving chamber begin to dissolve and release.

47.    Thus, on information and belief, both the formulation of the second chamber itself and its placement within the multi-compartment capsule allow for time-delayed dissolution and release of the solid active ingredient contained in the second chamber.

---

[7] https://www.walmart.com/ip/Ritual-Prenatal-Vitamin-60-Capsules-Folate-Choline-for-Neural-Tube-Support-Omega-3-DHA/1243765836 (accessed April 16, 2026) (arrows added); *see also* https://ritual.com/collections/all/products/essential-prenatal-multivitamin?variant=42291520569438 (as accessed June 26, 2026).

48.     Thus, the Accused Products satisfy limitation [33.b.3] of the '612 Patent.

49.     Limitation [33.c] recites that the "ingredients contained in said first receiving chamber are different from the ingredients of said second receiving chamber[.]"

50.     On information and belief, each of the Accused Products satisfies limitation [33.c]. As described below, the Accused Products each have ingredients contained in said first receiving chamber that are different from the ingredients of said second receiving chamber.

51.     On information and belief, the Accused Products comprise a capsule-within-a-capsule design that necessarily separates ingredients by solubility: oil soluble ingredients are housed in the outer capsule, while the water-soluble ingredients are contained in the inner capsule. For example, and on information and belief, with respect to the Ritual Essential for Woman Prenatal Multivitamin product, the first receiving chamber contains the oil-based omega-3 DHA, vitamin D (as cholecalciferol), lipid-phase vitamin E (as alpha tocopherol), and vitamin K2 (MK-7), each of which require an oil environment for stability and absorption (shown in red boxes below). On further information and belief, the inner second receiving chamber of the Ritual Essential for Women Prenatal Multivitamin contains the dry but water-soluble vitamins and mineral ingredients, including folate, vitamin B12, biotin, choline, iron, iodine, magnesium, and boron (as calcium fructoborate) (shown in green boxes).

**Essential Prenatal Multivitamin**
Instructions: Take two capsules together, daily with or without food.

## Supplement Facts

Serving Size: Two (2) Vegan Capsules
Servings Per Container: 30

| | Amount Per Serving | %DV for Pregnant/ Lactating Women |
|---|---|---|
| Vitamin D (as cholecalciferol') [from Lichen (whole plant)] | 50 mcg (2000 IU) | 333% |
| Vitamin E (as alpha tocopherol from mixed tocopherols') [from Brassica napus (seed)] | 7 mg | 37% |
| Folate (as 6S-5-Methyltetrahydrofolate [glucosamine salt]') | 1000 mcg DFE | 167% |
| Vitamin B12 (as methylcobalamin) | 8 mcg | 286% |
| Biotin | 150 mcg | 429% |
| Choline (as choline bitartrate') | 55 mg | 10% |
| Iron (as ferrous bisglycinate') | 18 mg | 67% |
| Iodine (as potassium iodide) | 150 mcg | 52% |
| Magnesium (as dimagnesium malate) | 32 mg | 8% |
| Omega-3 Docosahexaenoic Acid (DHA) Fatty Acids [from Schizochytrium spp. (whole microalgae)'] | 350 mg | ** |
| Boron (as calcium fructoborate') | 0.7 mg | ** |
| Vitamin K2 (as Menaquinone-7') | 90 mcg | ** |

** Daily Value (DV) not established.

Other Ingredients: Stomach acid-resistant outer vegan capsule (hypromellose, gellan gum), inner vegan capsule (hypromellose), silica, cellulose, l-leucine

Fig. 5. Supplemental Facts sheet from product literature for the Ritual Essential for Women Prenatal Multivitamin (colored boxes added).[8]

52.    Thus, the Accused Products satisfy limitation [33.c] of the '612 Patent.

53.    Limitation [33.d] recites a "second receiving chamber [that] is enveloped by said first receiving chamber[.]"

---

[8] *See* https://www.walmart.com/ip/Ritual-Prenatal-Vitamin-60-Capsules-Folate-Choline-for-Neural-Tube-Support-Omega-3-DHA/1243765836 (as accessed April 16, 2026); *see also* https://ritual.com/collections/all/products/essential-prenatal-multivitamin?variant=42291520569438 (as accessed June 26, 2026) (showing similar ingredient list but omitting vitamin D (as cholecalciferol), lipid-phase vitamin E (as alpha tocopherol)).

54.     On information and belief, each of the Accused Products satisfies limitation [33.d]. As described below, the Accused Products each have a second receiving chamber that is enveloped by said first receiving chamber.

55.     On information and belief, the Accused Products have a secondary receiving chamber which is enveloped by the first receiving chamber. For example, the multi-compartment capsule of the Ritual Essential for Women Prenatal Multivitamin is composed as having an inner, "second receiving chamber" (green arrow), which is received in and enveloped by the primary capsule of the outer "first receiving chamber" (yellow arrow).



Fig. 7. Image of Ritual Essential for Women Prenatal Multivitamin product showing second receiving chamber as an inner capsule that is enveloped by the first receiving chamber of the outer capsule.[9]

56.     Thus, the Accused Products satisfy limitation [33.d] of the '612 Patent.

57.     Limitation [33.e] recites that the "multi-compartment capsule is a hard shell capsule[.]"

58.     On information and belief, each of the Accused Products satisfies limitation [33.e]. As described below, the multi-compartment capsule in each of the Accused Products is a hard shell capsule.

---

[9] https://www.walmart.com/ip/Ritual-Prenatal-Vitamin-60-Capsules-Folate-Choline-for-Neural-Tube-Support-Omega-3-DHA/1243765836 (accessed April 16, 2026) (arrows added); *see also* https://ritual.com/collections/all/products/essential-prenatal-multivitamin?variant=42291520569438 (as accessed June 26, 2026).

59.     On information and belief, the Accused Products have a multi-compartment capsule that is a hard shell capsule. For example, the "stomach acid-resistant outer vegan capsule" (i.e. the first receiving chamber) of the Ritual Essential for Women Prenatal Multivitamin is composed from hypromellose and gellan gum. The "inner vegan capsule" is composed from hypromellose (i.e., the second receiving chamber).[10] Capsules made of hypromellose are "hard shell capsules."

60.     Thus, the Ritual Multivitamin Products satisfy limitation [33.e] of the '612 Patent.

61.     On further information and belief, Ritual offers for sale and sells Accused Products that meet every limitation of at least claims 5, 6, 9, 10, 24 and 65 of the '612 Patent.

62.     As a result of Ritual's infringement of the '612 Patent, InnerCap has suffered and continues to suffer substantial injury and is entitled to recover all damages caused by Ritual's infringement to the fullest extent permitted by the Patent Act, together with prejudgment interest and costs for Ritual's wrongful conduct.

63.     On information and belief, Ritual's infringement of the '612 Patent was willful and continued to be willful until the expiration of the patent.

64.     On information and belief, on or about August 2, 2016, Dr. Luke Bucci, Ritual's Vice President of Research & Development, contacted InnerCap's President and inventor of the '612 Patent, Fred Miller, to discuss its upcoming capsule product in which beadlets would be suspended in oil.

65.     On information and belief, Dr. Bucci and one or two other Ritual employees met with Mr. Miller at InnerCap's offices in Tampa, Florida on or around August 16, 2016.

66.     On information and belief, during this meeting Ritual was made aware of the '612 Patent and its claims covering capsule-in-capsule vitamin, dietary and nutritional supplement

---

[10] *See* https://www.walmart.com/ip/Ritual-Prenatal-Vitamin-60-Capsules-Folate-Choline-for-Neural-Tube-Support-Omega-3-DHA/1243765836 (as accessed April 16, 2026) (emphasis added).

products in which the outer capsule contains ingredients in an immediate release oil form and the inner capsule is formulated for delayed release relative to the outer capsule and contains ingredients in a solid form.

67.    Thus, on information and belief, prior to but no later than the meeting at InnerCap's offices on August 16, 2016, Ritual was aware of and had knowledge of the '612 Patent and its claims.

68.    On information and belief, after the August 16, 2016, meeting at InnerCap's offices, Ritual switched its product from beadlets-in-oil capsules to the Accused Products that infringe the claims of the '612 Patent.

69.    Because of its knowledge of the '612 Patent, Ritual knew, or should have known, that switching its products from beadlets-in-oil capsules to the Accused Products amounted to infringement of the '612 Patent.

70.    In addition, on or about December 14, 2025, Ritual received a notice letter from InnerCap's counsel seeking Ritual to cease and desist from infringing the '612 Patent.

71.    On information and belief, Ritual never ceased making, selling, or offering for sale the Accused Products up to and through the date that the '612 patent expired.

72.    Thus, despite knowing that its actions infringe one or more claims of the '612 Patent, Ritual continued to infringe the '612 Patent up to and through the date that the '612 patent expired.

73.    Accordingly, as of no later than December 14, 2025, but likely much earlier, Ritual's infringement of the '612 Patent was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, InnerCap respectfully requests judgment against Ritual as follows:

A.      that this Court adjudge that Ritual is liable for infringing the '612 Patent;

B.      that this Court award InnerCap damages under 35 U.S.C. § 284 and up to three times that amount; but in no event, no less than what is sufficient to compensate InnerCap for Ritual's infringement, including but not limited to a reasonable royalty;

C.      that this Court award InnerCap prejudgment and post-judgment interest as allowed by law;

D.      that this Court enter judgment that this case is exceptional under 35 U.S.C. § 285 and enter an award to InnerCap of its costs and attorneys' fees;

E.      that this Court award InnerCap its costs and such other and further relief as the Court deems just and proper.

## JURY DEMAND

74.     Pursuant to Federal Rule of Civil Procedure 38(b), InnerCap demands a trial by jury of all issues so triable.


Dated: July 8, 2026                                      Respectfully submitted,

                                                         FARNAN LLP

Of Counsel:
                                                         */s/ Michael J. Farnan*
 Cristofer I. Leffler (*pro hac vice forthcoming)*       Brian E. Farnan (No. 4089)
Palani P. Rathinasamy (*pro hac vice*                    Michael J. Farnan (No. 5165)
*forthcoming*)                                           919 N. Market St., 12th Floor
Michael C. Saunders (*pro hac vice*                      Wilmington, Delaware19801
*forthcoming*)                                           (302) 777-0300
Aden Allen (*pro hac vice forthcoming*)                  bfarnan@farnanlaw.com
Katherine Benfield (*pro hac vice forthcoming*)          mfarnan@farnanlaw.com
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave. N., Suite 809                         *Attorneys for Plaintiff InnerCap Technologies,*
Seattle, WA 98109                                        *Inc.*
Tel: (206) 809-6809
Email: cris.leffler@foliolaw.com
Email: palani@foliolaw.com
Email: michael.saunders@foliolaw.com
Email: aden.allen@foliolaw.com
Email: katherine.bentfield@foliolaw.com

17