**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INNERCAP TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NATALS, INC. d/b/a RITUAL,<br><br>Defendant. | CASE NO. 1:26-CV-00823-JLH<br><br>**Jury Trial Demanded** |

**DEFENDANT NATALS, INC. d/b/a RITUAL'S**
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant Natals, Inc. d/b/a Ritual ("Defendant" or "Ritual"), through its counsel, hereby files its Answer, Affirmative Defenses and Counterclaims to Plaintiff InnerCap Technologies, Inc. ("Plaintiff" or "InnerCap") Complaint, filed on July 8, 2026 (the "Complaint"), as follows:

**NATURE OF THE CASE**

1. Paragraph 1 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits that this action purports to be one that arises under 35 U.S.C. §§ 101 et seq., including U.S.C. § 271 related to the alleged infringement of U.S. Patent No. 7,670,612 (the "'612 Patent").

2. Denied.

3. Defendant admits only that the Complaint appears to allege that Defendant's products, including Ritual Essential for Women Prenatal Multivitamins, Ritual Essential for Women Postnatal Vitamins, and Ritual HyaCera Daily Skin Hydration Dietary Supplement, (the "Accused Products"), infringe the '612 Patent. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits only that Plaintiff purportedly seeks damages, prejudgment and

post-judgment interest, costs, and additional relief. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint and denies that Plaintiff is entitled to any relief.

## PARTIES

5. Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies them.

6. Defendant admits that it is a Delaware corporation with its principal place of business at 1370 N. St. Andrews Pl., Los Angeles, California 90028.

## JURISDICTION & VENUE

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that this action purports to be one that arises under the patent laws of the United States, Title 35 of the United States Code, but denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that this Court has subject matter jurisdiction of this action but denies that Plaintiff is entitled to any relief.

9. Paragraph 9 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required Defendant admits only that it is a Delaware corporation and that this Court has personal jurisdiction over Defendant. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits only that it sells and offers to sell the Accused Products in this judicial district. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint states a legal conclusion to which a response is not

required. To the extent a response is required Defendant admits only that venue is proper in this Court and that Defendant is incorporated in and resides in the state of Delaware. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

**INNERCAP'S U.S. PATENT NO. 7,670,612**

12. Defendant admits only that the '612 Patent was issued by the United States Patent and Trademark Office (USPTO) on March 2, 2010 and that Exhibit A of the Complaint purports to be a true and correct copy of the '612 Patent. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies them.

14. Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies them.

15. Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies them.

16. Defendant admits only that the '612 Patent has expired but lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 16 of the Complaint regarding the effective date of such expiration and therefore denies them.

17. Denied.

18. Denied.

**COUNT I**

19. Defendant restates and incorporates by reference its responses in the preceding paragraphs as though fully set forth herein.

20. Denied.

21. Denied.

22. Defendant admits only that Paragraph 22 of the Complaint purports to quote the language of claim 33 of the ’612 Patent, which is a document that speaks for itself. Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendant admits only that Paragraph 28 of the Complaint purports to quote the preamble language of claim 33 of the ’612 Patent, which is a document that speaks for itself. Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Denied.

30. Defendant admits only that Paragraph 30 of the Complaint purports to quote language of claim 33 of the ’612 Patent, which is a document that speaks for itself. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. Denied.

32. Denied.

33. Denied.

34. Defendant admits only that Paragraph 34 of the Complaint purports to quote language of claim 33 of the ’612 Patent, which is a document that speaks for itself. Defendant denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. Denied.

36. Denied.

37. Defendant admits only that Paragraph 37 of the Complaint purports to quote language of claim 33 of the ’612 Patent, which is a document that speaks for itself. Defendant denies the remaining allegations contained in Paragraph 37 of the Complaint.

38. Denied.

39. Denied.

40. Denied.

41. Defendant admits only that Paragraph 41 of the Complaint purports to quote language of claim 33 of the ’612 Patent, which is a document that speaks for itself. Defendant denies the remaining allegations contained in Paragraph 41 of the Complaint.

42. Denied.

43. Denied.

44. Defendant admits only that Paragraph 44 of the Complaint purports to quote language of claim 33 of the ’612 Patent, which is a document that speaks for itself. Defendant denies the remaining allegations contained in Paragraph 44 of the Complaint.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendant admits only that Paragraph 49 of the Complaint purports to quote language of claim 33 of the ’612 Patent, which is a document that speaks for itself. Defendant denies the remaining allegations contained in Paragraph 49 of the Complaint.

50. Denied.

51. Denied.

52. Denied.

53. Defendant admits only that Paragraph 53 of the Complaint purports to quote language of claim 33 of the ’612 Patent, which is a document that speaks for itself. Defendant denies the remaining allegations contained in Paragraph 53 of the Complaint.

54. Denied.

55. Denied.

56. Denied.

57. Defendant admits only that Paragraph 57 of the Complaint purports to quote language of claim 33 of the ’612 Patent, which is a document that speaks for itself. Defendant denies the remaining allegations contained in Paragraph 57 of the Complaint.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Defendant admits only that a conference call with InnerCap occurred with Dr. Luke Bucci present on or about August 2, 2016. Otherwise, Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 64 of the Complaint and therefore denies them.

65. Defendant admits only upon information and belief that Dr. Luke Bucci met with Fred Miller in Tampa, Florida on or about August 16, 2016. Otherwise Defendant lacks sufficient

knowledge and information to admit or deny the allegations in Paragraph 65 of the Complaint and therefore denies them.

66. Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 66 of the Complaint and therefore denies them.

67. Denied.

68. Denied.

69. Denied.

70. Defendant admits only that on or about December 14, 2025, it received a letter from InnerCap's counsel related to the '612 Patent, which letter is a document that speaks for itself. Defendant denies the remaining allegations contained in Paragraph 70 of the Complaint.

71. Defendant admits only that it has sold and offered for sale the Accused Products from on or about December 14, 2025, through the date that the '612 Patent expired, but denies the remaining allegations contained in Paragraph 71 of the Complaint.

72. Denied.

73. Denied.

## PRAYER FOR RELIEF

Defendant denies the allegations contained in Plaintiff's Prayer for Relief and further denies that Plaintiff is entitled to any relief whatsoever, including any of the relief sought in paragraphs (A)-(E) of their Prayer for Relief. Plaintiff's Prayer for Relief should, therefore, be denied with prejudice, and Plaintiff should take nothing.

## JURY DEMAND

74. Defendant admits that the Complaint sets forth a demand for jury trial.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Defendant bears the burden of proof as to any of them and reserving the right to amend its answer additional information becomes available, Defendant pleads the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Non-infringement)

Defendant has not infringed, either literally, directly or indirectly, or under the doctrine of equivalents, any valid and enforceable claim of the '612 Patent, including but not limited to claim 33.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

The ’612 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in 35 U.S.C. §§ 100 et seq., including at least sections 101, 102, 103, and/or 112, including but not limited to anticipation, obviousness, lack of written description, lack of enablement, and/or indefiniteness.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Defendant alleges that the Complaint and each cause of action set forth therein fail to state a claim against Defendant upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

Defendant alleges that Plaintiff failed to comply with the marking requirements of 35 U.S.C. § 287 and/or filed to provide adequate notice of the ’612 Patent damages, and therefore any damages that maybe recoverable by Plaintiff, if any, are limited accordingly.

**FIFTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, including equitable estoppel and/or prosecution history estoppel.

**SIXTH AFFIRMATIVE DEFENSE**
**(Waiver)**

Plaintiff has waived its right to assert infringement claims against Defendant by its conduct, delay, and/or acquiescence.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

Defendant's conduct was not willful, and Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284 or attorneys' fees under 35 U.S.C. § 285.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Limitation of Damages)**

Any damages to which Plaintiff may be entitled, which Defendant denies, are limited by 35 U.S.C. § 286 and other applicable provisions of law.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert any and all further defenses that become available or appear during discovery in this action and reserves the right to amend this Answer for purposes of asserting such additional affirmative defenses.

## COUNTERCLAIMS

1. Defendant Natals, Inc. d/b/a Ritual ("Counter-Plaintiff" or "Ritual"), through their undersigned counsel, hereby assert the following counterclaims against InnerCap Technologies, Inc. ("Counter-Defendanat" or "InnerCap"):

**BACKGROUND**

2. According to the allegations set forth in the Complaint, InnerCap claims to be the

owner of the ’612 Patent. (ECF No. 1 ¶ 15.)

3. InnerCap has accused Ritual of infringing the ’612 Patent. Ritual denies any of its products infringe, either literally or under the doctrine of equivalents, any valid or enforceable claims in the ’612 Patent.

4. An actual case and controversy exists between Ritual and InnerCap concerning the alleged infringement of one or more allegedly valid claims of the ’612 Patent, and said controversy is ripe for adjudication by this Court.

## THE PARTIES

5. Ritual is a corporation organized under the laws of the state of Delaware, with its principal place of business at 1370 N. St. Andrews Pl., Los Angeles, California 90028.

6. As alleged in its Complaint, InnerCap is organized under the laws of the state of Florida, with its principal place of business at 9216 Palm River Road, Ste. 203, Tampa, Florida 33619.

## JURISDICTION AND VENUE

7. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over InnerCap, at least because by initiating an action against Ritual, InnerCap has submitted to the jurisdiction of this District.

9. Venue is proper in this District for these Counterclaims under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the ’612 Patent)

10. Ritual incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Counterclaim as if fully set forth herein.

11. An actual case and controversy exists between Ritual and InnerCap as to whether Ritual infringes the ’612 Patent, as InnerCap contends, or does not do so, as Ritual contends.

12. Ritual has been damaged by InnerCap’s filing of a lawsuit against Ritual based on a patent that Ritual does not infringe.

13. By this Counterclaim, Ritual seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the ’612 Patent directly, indirectly, literally, under the doctrine of equivalents, willfully, or in any other manner, and is entitled to a declaration to that effect.

14. A judicial declaration is necessary and appropriate at this time such that Ritual may ascertain its rights and duties with respect to the ’612 Patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

15. This is an exceptional case entitling Ritual to an award of its attorneys’ fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the ’612 Patent)**

16. Ritual incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Counterclaim as if fully set forth herein.

17. An actual case and controversy exists between Ritual and InnerCap as to the validity of the ’612 Patent.

18. The ’612 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in 35 U.S.C. §§ 100 et seq., including at least sections 101, 102, 103, and/or 112, including but not limited to anticipation, obviousness, lack of written description, lack of enablement, and/or indefiniteness.

## JURY DEMAND

19. Ritual hereby demands a jury trial on all issues so triable, including, but not limited to those triable as a matter of right.

## PRAYER FOR RELIEF

Having answered Plaintiff's Complaint and having asserted Affirmative Defenses and Counterclaims, Defendant respectfully seeks the following relief:

a. judgment that Ritual has not infringed the '612 Patent;

b. judgment that each and every claim of the '612 Patent is invalid;

c. judgment that this case is exceptional entitling Defendant Ritual to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285;

d. a dismissal of the Complaint with prejudice; and

e. such other relief as the Court shall deem just and proper.

Dated: October 9, 2026

**BARNES & THORNBURG LLP**

/s/ *Elizabeth S. Fenton*
Elizabeth S. Fenton (#5563)
Brittany M. Giusini (#6034)
222 Delaware Avenue Suite 1200
Wilmington, DE 19801
(302) 300-3434
efenton@btlaw.com
bgiusini@btlaw.com

OF COUNSEL:

William H. Oldach III
Maryellen Feehery Hank
VORYS, SATER, SEYMOUR AND PEASE LLP
1909 K Street, NW, 9th Floor
Washington, DC 20006
202.467.8800
wholdach@vorys.com
mfhank@vorys.com

Lauren A. Kickel
200 Public Square, Suite 1400
Cleveland, Ohio 44114
216.479.6180
lakickel@vorys.com
*Attorney for Defendant Natals, Inc. d/b/a Ritual*